IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VALERIE FANCHAR,

    Plaintiff,  No. 2:09-cv-0761 FCD JFM PS

    vs.

WESTERN CAREER COLLEGE, et al.,  ORDER AND FINDINGS & RECOMMENDATIONS

    Defendants.

_____/

    Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21).

    Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

    The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

First, plaintiff is advised that because she is proceeding pro se, she may not bring this action on behalf of the class of persons alleged in the complaint. Class actions may proceed only where the court has approved representation by an attorney who has been admitted as a member of the Bar of the Court.

Second, plaintiff has failed to demonstrate federal subject matter jurisdiction.

> In Maine v. Thiboutot, 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980), the Supreme Court held that section 1983 provides a claim for violations of federal statutes committed under color of state law. See also Boatowners and Tenants Ass'n v. Port of Seattle, 716 F.2d 669, 671 (9th Cir.1983) (Boatowners). The Court has also recognized that not every statutory violation gives rise to a section 1983 action. Rather, section 1983 actions are available only when several conditions are met. Among the conditions potentially relevant here is that the statute at issue must create a justiciable right. Sometimes statutory language reflects a congressional preference or entreaty, not a right or obligation. See, e.g., Pennhurst State School & Hosp. v. Halderman, 451 U.S. 1, 18, 101 S.Ct. 1531, 1540, 67 L.Ed.2d 694 (1981). Also, some

        statutory language is too vague to create a right that courts can credibly adjudicate. Id. at 27, 101 S.Ct. at 1544; see also Suter v. Artist M, 503 U.S. 347, 363, 112 S.Ct. 1360, 1370, 118 L.Ed.2d 1 (1992) (Suter) (holding that statutory language did "not unambiguously confer an enforceable right upon the Act's beneficiaries"). Congress must have intended the plaintiff, as opposed to the federal agency, to enforce the statutory language in contention. Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 520-24, 110 S.Ct. 2510, 2523-25, 110 L.Ed.2d 455 (1990) (Wilder); Suter, 503 U.S. at 360-61, 112 S.Ct. at 1368-69; see generally Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise, § 19.6 at 270 (3d ed.1994). Also, the court must decide whether the right created exists "to benefit the putative plaintiff." Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106, 110 S.Ct. 444, 448, 107 L.Ed.2d 420 (1989) (internal quotation omitted).

Dumas v. Kipp, 90 F.3d 386, 389-90 (9th Cir. 1996).

        Here, plaintiff maintains that all defendants have violated the Contract Clause of the U.S. Constitution. Article I, § 10, of the Constitution provides: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." To succeed on a Contract Clause claim, plaintiff must first show that state law "has, in fact, operated as a substantial impairment of a contractual relationship." See Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244, 98 S.Ct. 2716 (1978). "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." General Motors Corp. v. Romein, 503 U.S. 181, 186, 112 S.Ct. 1105 (1992); see also Robertson v. Kulongoski, 466 F.3d 1114, 1117 (9th Cir.2006). "The first sub-inquiry is not whether any contractual relationship whatsoever exists between the parties, but whether there was a contractual agreement regarding the specific . . . terms allegedly at issue." Rui One Corp. v. City of Berkeley, 371 F.3d 1137, 1147 (9th Cir.2004) (internal quotations omitted).

        By its express language, the Contract Clause governs states and the laws passed by those states. There is no provision for a citizen's private right of action under the Contract Clause. Here, plaintiff is contesting the contract between a student and a private, for-profit

/////

/////

college. If plaintiff wants to challenge defendants' breach of that contract, she should file her action in state court as both plaintiff and defendants are residents of the state of California.

To the extent plaintiff is attempting to raise a discrimination claim under Title VII, plaintiff is advised that before bringing a Title VII action in federal court, a plaintiff must first exhaust administrative remedies by filing a timely charge with the EEOC. See E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994).[1] This charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency). See 42 U.S.C. S 2000e-1. The district court complaint must be filed within 90 days of receipt of a Right-to-Sue Letter from the EEOC. See id. § 2000e-5(f)(1). The scope of the district court's jurisdiction is limited by the allegations contained in the EEOC charge and the EEOC investigation. See Farmer Bros. Co. 31 F. 3d at 891.

Because plaintiff cannot amend her complaint to rectify the deficiencies noted above, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

/////

---

[1] This requirement is subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, 455 U.S. 385, 398 (1982)

1 time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
2 (9th Cir. 1991).
3 DATED: October 13, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; fanchar.dm